United States District Court
Southern District of Texas

**ENTERED**

March 26, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| MAYELA MARIA CHAVERRA PEREIRA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-02119 |
| | § | |
| RANDALL TATE, *et al.*, | § | |
| | § | |
| Respondents. | § | |
| | § | |

**ORDER**

Before the Court is Petitioner Mayela Maria Chaverra Pereira's Petition for Writ of Habeas Corpus (ECF No. 1) and Respondents' Motion to Dismiss and, in the Alternative, Motion for Summary Judgment (ECF No. 16). For the following reasons, the Court **GRANTS IN PART** the Petition for Habeas Corpus and **DENIES** Respondents' Motion to Dismiss.

## I.   BACKGROUND

The parties do not dispute the following facts.

### A.  Temporary Protected Status for Venezuela and *National TPS Alliance v. Noem*

On January 19, 2021, then President Trump designated Venezuela for Deferred Enforced Departure, which permitted certain Venezuelan nationals to live and work in the United States for 18 months. 86 Fed. Reg. 6,845, 6,845 (Jan. 19, 2021). On March 9, 2021, DHS designated Venezuela for Temporary Protected Status (TPS), allowing Venezuelans residing in the United States since March 8, 2021, to apply for protection. 86 Fed. Reg. 13,574 (Mar. 9, 2021). On

1 / 7

October 3, 2023, DHS redesignated Venezuela for TPS, allowing more recently arrived Venezuelans to apply. 88 Fed. Reg. 68,130 (Oct. 3, 2023). On January 17, 2025, DHS extended this 2023 designation of TPS to Venezuelans until October 2, 2026. 90 Fed. Reg. 5,961 (Jan. 17, 2025).

On February 3, 2025, DHS published a notice in the Federal Register which terminated the 2023 Designation. *See* 90 Fed. Reg. 9040 (Feb. 5, 2025). On February 19, 2025, National TPS Alliance ("NTPSA") and seven individual Venezuelan TPS holders sued the federal Government in the Northern District of California, alleging (as relevant for the purposes of this case) that DHS's termination of the 2023 Venezuela designation was contrary to the TPS statute, the Administrative Procedure Act, and the Fifth Amendment. *See Nat'l TPS All. v. Noem*, 798 F. Supp. 3d 1108 (N.D. Cal. 2025), *aff'd*, No. 25-5724, 2026 WL 226573 (9th Cir. Jan. 28, 2026).

On September 5, 2025, the *National TPS Alliance* district court granted summary judgment in favor of plaintiffs on their claims under the Administrative Procedure Act ("APA") challenging DHS Secretary Kristi Noem's vacatur and termination of the Venezuela TPS. *Id.* at 1116. Particularly relevant here, the district court found that Secretary Noem lacked the statutory authority to vacate the previous DHS Secretary's extension of the 2023 TPS Designation. *Id.* at 1144. The court therefore vacated this action under Section 706 of the APA and entered final judgment in favor of plaintiffs. *Id.* at 1164.

On October 3, 2025, the Supreme Court stayed the district court's order "pending the disposition of the Government's appeal. . . and disposition of a petition for a writ of certiorari, if such writ is timely sought." *Noem v. Nat'l TPS All.*, 146 S. Ct. 23, 24 (2025). The Court did not provide reasoning for its decision to issue the stay. The Ninth Circuit Court of Appeals affirmed

the district court's decision on January 28, 2026. *See Nat'l TPS All. v. Noem*, No. 25-5724, 2026 WL 226573 at *16 (9th Cir. Jan. 28, 2026).

Notwithstanding the Supreme Court's stay of the district court's September 5 order, the district court granted the plaintiffs' motion for declaratory judgment on December 10, 2025. *Nat'l TPS All. v. Noem*, No. 25-CV-01766-EMC, 2025 WL 3539156, at *2 (N.D. Cal. Dec. 10, 2025). "[O]n the merits analysis in its prior summary judgment order," the district court declared "that (1) the vacatur of the January 17, 2025, TPS extension for Venezuela was unlawful as was (2) the termination of Venezuela's 2023 TPS designation on February 5, 2025. *Nat'l TPS All. v. Noem*, No. 25-CV-01766-EMC, 2025 WL 3539156, at *2 (N.D. Cal. Dec. 10, 2025). The Government has appealed this ruling, but has not sought a stay pending appeal.

### B. Chaverra Pereira's background

Petitioner Mayela Maria Chaverra Pereira is a citizen of Venezuela who entered the United States without inspection on June 13, 2021. ECF No. 1 at ¶ 25. She was granted parole on July 14, 2021. *Id*. In 2023, Petitioner applied for and was granted Temporary Protected Status (TPS) pursuant to the Department of Homeland Security's (DHS) 2023 designation of Venezuela for TPS. *Id*. Chaverra Pereira has timely renewed her TPS since it was initially granted, most recently on January 30, 2025—four days before Secretary Noem's vacatur of the 2023 TPS designation. ECF No. 1 at ¶ 26. She has been a member of NTPSA since June 27, 2025. *Id*. at ¶ 27.

On January 12, 2026, Chaverra Pereira was taken into immigration custody during a traffic stop. ECF No. 1 at ¶ 28. She has been in custody since that date without an individualized bond determination. *Id*. Petitioner is currently detained at the Montgomery Processing Center in Conroe, Texas. *Id*. at ¶ 6.

On January 17, 2026, Petitioner was issued a Notice to Appear (NTA) in removal proceedings before an immigration judge (IJ). ECF No. 16, Exh. 1. The NTA charged Petitioner with being subject to removal under INA § 212(a)(6)(A)(1) as "an alien present in the United States without being admitted or paroled." *Id.* Respondents' position is that Petitioner is subject to mandatory detention under to 8 U.S.C. § 1225(b)(2).

On March 16, 2026, Petitioner filed the instant Petition for Habeas Corpus, bringing claims for relief under *Nat'l TPS All. v. Noem*, No. 25-CV-01766-EMC, 2025 WL 3539156, at *2 (N.D. Cal. Dec. 10, 2025) and the Fifth Amendment's Due Process Clause. ECF No. 1.

## II.    ANALYSIS

Petitioner first argues that the Northern District of California's December 10, 2025 declaratory judgment is binding on this Court under the principles of *res judicata*. ECF No. 1 at ¶¶ 29-35. Respondents disagree, arguing that the Supreme Court's order staying the *National TPS Alliance* court's September order, rather than the district court's declaratory judgment, controls and that, in any case, *res judicata* is likely inapplicable in habeas cases. ECF No. 16 at 8-9. The parties agree that if Petitioner does in fact have TPS, she cannot be detained. *See* 8 U.S.C. § 1254a(d)(4) ("An alien provided temporary protected status under this section shall not be detained by the Attorney General on the basis of the alien's immigration status in the United States.").

District courts across the country have disagreed as to the effect of the December 10 declaratory judgment in *Nat'l TPS All. v. Noem*. *See, e.g.*, *Medina Alvarez, v. Chestnut*, No. 1:26-CV-01293-DC-CKD (HC), 2026 WL 604195, at *4 (E.D. Cal. Mar. 4, 2026) (finding that the petitioner "likely retains his TPS until October 2, 2026" in view of the *Nat'l TPS All. v. Noem* court's grant of declaratory relief); *Rubio Bohorquez v. Francis*, No. 26 CIV. 264 (JPC), 2026 WL 811178, at *10 (S.D.N.Y. Mar. 23, 2026) (rejecting the petitioner's argument that the court was

4 / 7

bound by res judicata because "no authority holds that the 'same parties' requirement is satisfied when an individual plaintiff is part of a membership organization which previously prevailed in a suit against the Government."). In this case, however, the Court concludes that Chaverra Pereira's continued detention violates her Fifth Amendment right to due process of law regardless of whether she currently holds TPS status. It therefore declines to address the question of Petitioner's TPS status under *Nat'l TPS All. v. Noem*, No. 25-CV-01766-EMC, 2025 WL 3539156 (N.D. Cal. Dec. 10, 2025).

Assuming without deciding that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2), the Court concludes that this provision violates the Fifth Amendment's Due Process Clause as applied to Petitioner.

The Court has recently addressed similar sets of circumstances and concluded that ICE's re-detention of a noncitizen who was previously released on an Order of Release on Recognizance (ORR) without a pre-deprivation hearing or proof of changed individual circumstances violated the noncitizen's right to procedural due process. *See  Betancourth v. Tate, et al.*, --- F.Supp.3d ---, No. 4:26-CV-01169, 2026 WL 638482 at *3-4 (S.D. Tex. Mar. 6, 2026); *Perea-Berrio v. Tate, et al.*, No. 4:26-CV-01568, 2026 WL 709481 at *3 (S.D. Tex. Mar. 13, 2026); *Alvarez Rico v. Noem, et al.*, No. 4:26-CV-00729, 2026 WL 522322 at * 4-6 (S.D. Tex. Feb. 25, 2026).

While in this case, Chaverra Pereira was previously released through humanitarian parole rather than on an ORR, this does not impact the due process analysis. Like release on an ORR, the initial grant of humanitarian parole includes a finding by the government that Chaverra Pereira "present[s] neither a security risk nor a risk of absconding." 8 C.F.R. § 212.5. There is no indication that Chaverra Pereira now presents a risk of absconding or a security risk when she did not in 2021. Since the purpose of detention under § 1225(b) is to prevent flight, the fact that Petitioner was

previously granted humanitarian parole suggests a high risk that Petitioner is being erroneously deprived of her liberty. The Court therefore sees no reason to reach a different conclusion here than in its prior decisions involving release on recognizance.

The Court therefore concludes that Petitioner's re-detention violated his Fifth Amendment right to procedural due process.

### III.   REMEDY

"[I]n habeas cases where the Court finds an ongoing detention unlawful, 'the typical remedy for such detention is, of course, release.'" *Guevara Carabantes v. Bondi, et al.*, No. 1:26-CV-446-RP, 2026 WL 689995, at *5 (W.D. Tex. Mar. 5, 2026) (quoting *Munaf v. Geren*, 553 U.S. 674, 693 (2008)).

In this case, Petitioner has been deprived of her liberty in violation of the Due Process Clause for more than 60 days. Given the severity of this ongoing unconstitutional deprivation of liberty, the Court concludes that immediate release from custody is required. The Court joins other Courts in the Fifth Circuit and elsewhere which have found immediate release appropriate in the face of similar ongoing deprivations of liberty. *See, e.g., Cruz-Reyes v. Bondi*, No. 5:26-CV-60, 2026 WL 332315, at *6 (S.D. Tex. Feb. 3, 2026) (requiring immediate release where "Petitioner ha[d] demonstrated a profound liberty interest in his freedom from civil detention and a concrete, ongoing deprivation of that liberty without any process provided by Respondents to justify his detention"); *Perdomo-Casana v. Lyons*, No. 1:26-CV-345-RP, 2026 WL 607267, at *6 (W.D. Tex. Mar. 4, 2026) (collecting cases).

The Court therefore **ORDERS** as follows.

1. Respondents are **ORDERED** to release Petitioner from custody within 48 hours.

6 / 7

2.  Respondents must release Petitioner in a public place within the Southern District of Texas, and must notify her counsel of the time and place of her release **no less than three hours** prior to her release from custody.

3.  Respondents may not re-detain Petitioner during the pendency of her removal proceedings absent a pre-detention hearing before an IJ at which the government demonstrates, by clear and convincing evidence, that she is a flight risk or a danger to the community or has violated the conditions of her release. Respondents similarly may not subject Petitioner to additional conditions of release without a similar hearing at which the government bears the burden of showing why new conditions are necessary.

The Court further **ORDERS** that Respondents file an advisory with the Court **on or before March 31, 2026**, informing the Court of the status of Petitioner's release.

The Court further **ORDERS** that, following Petitioner's release, the parties **SHALL CONFER** and **FILE** a notice informing the Court whether any matters remain to be resolved in this case **on or before May 1, 2026.**

**IT IS SO ORDERED.**

Signed at Houston, Texas on March 26, 2026.

Keith P. Ellison
United States District Judge

7 / 7